**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 495.]**

CINCINNATI BAR ASSOCIATION *v.* HOVEY.

**[Cite as *Cincinnati Bar Assn. v. Hovey*, 1997-Ohio-193.]**

*Attorneys at law—Misconduct--Six-month suspension with sanction stayed—Entering into a business transaction with client when they have differing interests therein—Neglecting an entrusted legal matter—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 96-2788—Submitted February 19, 1997—Decided June 4, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-95.

———————————

{¶ 1} In June 1991, respondent, Susan Jean Hovey of Cincinnati, Ohio, Attorney Registration No. 0032967, entered into a business transaction with her client Marvin D. Moss whereby Moss transferred $10,000 to respondent in exchange for a mortgage on respondent's residential real estate. Respondent did not fully apprise Moss of the details of the transaction and failed to record the mortgage. Later, in March 1993, respondent executed a residential loan application to purchase other real estate, but did not list the Moss loan and mortgage among her liabilities.

{¶ 2} On December 4, 1995, relator, Cincinnati Bar Association, filed a complaint against respondent, charging that her actions constituted violations of DR 5-104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein, and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), and 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the facts as stipulated by the parties and concluded that respondent had violated the Disciplinary Rules as charged. The panel recommended that respondent be suspended from the practice of law for six months, that the entire suspension be stayed, and that during the six months relator monitor respondent's legal practice. The board adopted the findings, conclusions, and recommendations of the panel.

––––––––––––––––––

*Henry E. Menninger* and *Naomi C. Dallob*, for relator.

*James N. Perry*, for respondent.

––––––––––––––––––

***Per Curiam.***

{¶ 4} The principle of loyalty is fundamental to the attorney-client relationship and underlies the conflict-of-interest provisions of the Code of Professional Ethics. Our Ethical Considerations provide in EC 5-3 that a lawyer should not "make improper use of his professional relationship to influence his client to invest in an enterprise in which the lawyer is interested." These considerations of loyalty require that all transactions between a lawyer and a client be objectively fair to the client. Also, the lawyer must ensure that the client has had an opportunity to consult independent counsel before entering into the transaction with respect to any matter not in the ordinary course of business.

{¶ 5} In this case respondent and Moss entered into a contract during the time that an attorney-client relationship existed between them. Respondent not only had a different interest than Moss in the contract, which was not in the ordinary course of business between them, but Moss also consented to the terms of the contract without full disclosure by respondent.

{¶ 6} In a separate but related matter, respondent later, when executing her personal loan application with a bank, failed to disclose the Moss loan and

2

mortgage. That, in itself, warrants a sanction under the Disciplinary Rule that proscribes conduct involving misrepresentation.

{¶ 7} Having accepted the board's findings of fact, we agree with its conclusions and accept its recommendation. Respondent is hereby suspended from the practice of law for six months with the entire suspension stayed. Relator shall monitor the law practice of respondent during the six-month period. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 8} I would not stay respondent's suspension.

_____